United States District Court
Southern District of Texas
**ENTERED**
March 03, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRISTINA ELIZABETH BONILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1687 |
| | § | |
| RANDY TATE,[1] | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Cristina Elizabeth Bonilla ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on March 2, 2026.[2] Petitioner argues that her continued detention is unlawful.

In <u>Jimenez v. Noem</u>, Civil Action No. H-25-5853, this court resolved an array of closely related issues in holding that the Government may properly use § 1225(b)(2) to detain an alien who was already present in the United States at the time of their arrest.[3]

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See <u>Rumsfeld v. Padilla</u>, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); <u>see also</u> 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

[2] Petition for Habeas Corpus, Docket Entry No. 1.

[3] The court has issued many similar opinions. <u>See, e.g.</u>, <u>De La Cruz v. Bondi</u>, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026) and <u>Jiminez-Martinez v. Thompson</u>, Civil

In Jimenez the court held that: (1) a claim under the Due Process Clause of the Fifth Amendment fails because the Supreme Court has recognized that detention during removal proceedings is a constitutionally permissible part of that process; (2) a petitioner is foreclosed from relief under the APA because he is able to challenge his detention by filing a writ of habeas corpus; (3) a claim under the Suspension Clause fails because § 1252 does not strip this court of jurisdiction over these petitions; and (4) no deference is due the order entered in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) that vacated the Government's interpretation and application of § 1225(b)(2) on a class-wide basis because the order is contrary to the Fifth Circuit's opinion in Buenrostro-Mendez.

Unless Petitioner can distinguish her case from the decisions of this court cited above within 10 days from the entry of this order, the court will deny Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) and will dismiss this action. Petitioner may also voluntarily dismiss her petition.

**SIGNED** at Houston, Texas, on this 3rd day of March, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

Action No. H-25-5842, 2026 WL 252098 (S.D. Tex. Jan. 30, 2026).